Opinion by FORD, J. In accordance with stipulation of counsel that the items marked "A" consist of metal articles having as an essential feature an electrical element or device similar in all material respects to those the subject of Abstract 67085 and *United States* v. *G. L. Electronics, Inc., Arrow Sales, Inc.* (49 CCPA 111, C.A.D. 804), the claim at 13¾ percent ad valorem under paragraph 353, as modified by the Torquay Protocol to the General Agreement on Tariffs and Trade (T.D. 52739), was sustained. The items marked "B," stipulated to consist of metal articles suitable for producing, rectifying, modifying, controlling, or distributing electrical energy similar to those the subject of said Abstract 67085, were held dutiable at 15 percent under said paragraph 353, as modified by the General Agreement on Tariffs and Trade (T.D. 51802), as claimed. All other claims in the protest were dismissed.

**No. 69469.**—Davies Turner & Company and A. R. Nesle & Co. et al. *v.* United States, protests 173929–K, etc. (New York).

Opinion by FORD, J. In accordance with stipulation of counsel that the merchandise consists of candlesticks and candelabra similar in all material respects to those the subject of Abstract 62036, except that the involved articles are in chief value of metal, not of nor plated with platinum, gold, or silver, or colored with gold lacquer, the claim of plaintiffs was sustained.

**No. 69470.**—Hudson Shipping Co., Inc., and Maurice Sigal et al. *v.* United States, protests 199662–K, etc. (New York).

Opinion by FORD, J. In accordance with stipulation of counsel that the merchandise consists of candlesticks and candelabra similar in all material respects to those the subject of Abstract 62036, except that the involved articles are in chief value of metal, not of nor plated with platinum, gold, or silver, or colored with gold lacquer, the claim of plaintiffs was sustained.

**No. 69471.**—Mitsui & Co., Ltd. *v.* United States, protest 63/13703 (New York).

Opinion by FORD, J. It was stipulated that two cases of the merchandise (15 denier monofilament nylon), withdrawn from warehouse for consumption on October 14, 1959, prior to the effective date of T.D. 54997, are properly dutiable, as claimed. The protest was sustained to this extent.